**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Glenn A. Woodard, | Civ. No. 08-194 (ADM/JJK) |
| Petitioner, | |
| v. | |
| Dwight L. Fondren, Warden FCI Sandstone, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

Glenn A. Woodard, #15790-047, PO Box 1000, Sandstone, MN  55072, *pro se*.

Joseph T. Dixon, III, Esq., Assistant United States Attorney, counsel for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge.

This matter is before this Court on the Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2241 Writ of Habeas Corpus (Doc. No. 1), wherein Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date he is to be transferred to a Residential Reentry Center ("RRC"). Respondent filed a Response (Doc. No. 4), contending that Petitioner failed to properly exhaust his administrative remedies prior to bringing his § 2241 Petition, and in the alternative, has asked for dismissal of the Petition on the grounds that Petitioner is not entitled to six months RRC placement. Thereafter, Respondent filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 8.)

This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court finds that it is no longer possible to provide any meaningful relief to Petitioner by writ of habeas corpus because he has already been released from custody.  Therefore, this Court recommends that Respondent's motion to dismiss be granted and that the Petition be summarily dismissed as moot.

## BACKGROUND

In April 1999, Petitioner was sentenced to a 130-month prison term, with a projected release date of June 12, 2008.  Petitioner served his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Petitioner was initially recommended for RRC placement between December 12, 2007, and January 17, 2008.  According to Respondent, after certain incidents involving Petitioner, Petitioner's RRC placement date was revoked.  Thereafter, because it was determined that Petitioner was in need of RRC placement based on his need for obtaining employment and saving release funds, a RRC referral was made requesting that Petitioner be placed in a RRC between March 5, 2008, and April 4, 2008.  Petitioner asserts that he should have been referred for the maximum placement of six months RRC placement, and that the recommended three months was unreasonable.

**DISCUSSION**

Article III of the Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies.  *See Am. United for Separation of Church and State v. Prison Fellowship Ministries*, 509 F.3d 406, 420-21 (8th Cir. 2007). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and, "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action."  *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action.  *See In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 869-70 (8th Cir. 2000) (citing *In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the appeal must be dismissed as moot.") (citations and quotations omitted)).  If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot.  *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction

of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.").

As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief—namely release from custody. Once the petitioner is released from custody, however, his case becomes moot, unless he can show that a writ of habeas corpus would still provide him some benefit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). If the petitioner is challenging a criminal conviction, a writ of habeas corpus might still benefit him, even after he has been released from custody, by eliminating some of the "collateral consequences that attached to the conviction as a matter of law." *Id.* at 9 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). Such "collateral consequences" might include restrictions on the right to vote, the right to own a gun, the right to serve on a jury, or the right to engage in certain types of businesses or professions. However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction.

In this case, Petitioner is not presently challenging the validity of his conviction. He is seeking a writ of habeas corpus that would reconsider his RRC placement date, and thereby shorten the duration of his time in prison. Because he has already been released from prison, it would serve no useful purpose to reconsider his RRC placement date. There are no remaining "collateral consequences" associated with Petitioner's RRC placement date, and reconsidering such now would afford him no meaningful benefit. Therefore, Petitioner's Petition is now moot because there is no longer any live case or controversy to be resolved here. *See Gore v. Fondren*, No. 07-4425 (ADM/RLE), 2008 WL 4787652, at *4 (D. Minn. Oct. 31, 2008) (dismissing as moot a habeas corpus petition where petitioner had been released from prison, and he was not challenging a conviction that would involve "collateral consequences"); *Sobie v. Morrison*, No. 06-1149 (RHK/JSM), 2006 WL 2439099, at *1 (D. Minn. Aug. 22, 2006) (finding habeas petition seeking early placement in RRC moot after petitioner was transferred to a halfway house, where he would remain until projected release date); *see also McClain v. Gasele*, No. 93-2135, 1993 WL 503246, at *2 (8th Cir. Dec. 9, 1993) (concluding that the prisoner's request for restoration of good time credits was moot because he had already been released from prison).

## RECOMMENDATION

For the reasons stated, this Court recommends that:

1. Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 8) be **GRANTED**;

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (Doc. No. 1) be **DISMISSED AS MOOT**.


Date: November 19, 2008

                                                s/Jeffrey J. Keyes
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 3, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.